```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

MISTER SPARKY FRANCHISING, LLC,

    Plaintiff,

v.                                    Case No. 8:15-cv-164-T-33TGW

ON TIME ELECTRICIANS, INC.,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant On Time Electricians, Inc.'s Motion to Dismiss or, in the Alternative, Motion to Stay (Doc. # 12), filed on March 24, 2015. The Motion is ripe for this Court's review. (See Doc. # 23). For the reasons that follow, the Court denies the Motion.

**I.   Background**

According to the Complaint, Plaintiff Mister Sparky Franchising, LLC "is in the business of franchising and licensing its distinctive business format and system and related standards, specifications, and procedures . . . using the name and service mark 'MISTER SPARKY®' and associated marks and logos . . . for the operation of residential electrical services businesses." (Doc. # 1 at ¶ 9). Plaintiff

and Defendant entered into a Franchise Agreement on February 8, 2013. (Id. at ¶ 1). Article 2.1(E) of the Franchise Agreement provides in relevant part: "[t]his Agreement represents a valid, binding obligation of [Defendant] and each of [Defendant's] owners, jointly or severally. . . ." (Id. at ¶ 10). Exhibit C to the Franchise Agreement identifies George Donaldson as Defendant's sole owner. (Id.).

Plaintiff submits that "[u]pon information and belief, Donaldson . . . accepted employment as Division President with American Residential Services, LLC ('ARS') in December 2014. ARS provides residential electrical services in the United States." (Id. at ¶ 11). According to Article 14.1, as amended, of the Franchise Agreement: "Commencing on the Effective Date and for the balance of the Term, Franchisee (and its Owners if Franchisee is a business entity) shall not . . . be involved with a Competitive Business." (Id. at ¶ 12).

Plaintiff argues that Donaldson's employment with ARS constitutes involvement with a Competitive Business in direct violation of the non-competition provisions in Article 14.1, as amended, of the Franchise Agreement. (Id. at ¶ 13). Therefore, Plaintiff contends that such violation "constitutes grounds for immediate termination under Article

2

16.1(E) of the Franchise Agreement because it adversely affects the goodwill associated with Mister Sparky." (Id. at ¶ 14).

Plaintiff initiated this action on January 26, 2015, "seek[ing] a declaration, pursuant to 28 U.S.C. §§ 2201 and 2202, that [Plaintiff] may properly terminate the Franchise Agreement based on Donaldson's employment with ARS because it violates the non-competition provision of the Franchise Agreement, and because Donaldson has failed to cure such violation." (See Doc. # 1). Defendant filed the present Motion on March 24, 2015. (Doc. # 12). The Motion is ripe for this Court's review.

## II. Analysis

### A. Motion to Dismiss

According to Defendant, the relevant Franchise Agreement is:

> [A]lready the subject of litigation between several Donaldson Franchises and Plaintiff's parent company in the U.S. District Court, Central District of California . . . pending since January 31, 2014 [("California Lawsuit")]. In addition, a related entity to the Plaintiff, Benjamin Franklin Franchising LLC, previously brought essentially the same claim based on a nearly identical franchise agreement, which seeks to terminate the agreement based on the same alleged employment by Mr. Donaldson with ARS. This related action [was] filed

3

>     with this Court . . . on [May] 21, 2014 [("First
>     Florida Lawsuit")].

(Id. at 2).

It is Defendant's position that the "first-filed rule" requires that this Court defer to the action pending in the Central District of California as "the California Lawsuit (in which Defendant and Plaintiff's sole member are parties) (a) was pending in the Central District of California prior to the initiation of the present matter and has been advancing to an expected trial date; and (b) the issues in both matters involve Donaldson's obligation under a non-compete agreement and the impact of the LOI on the Franchise Agreement." (Id. at 9).

The "first to file" rule states that "where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005). The case pending before the Central District of California, styled Venvest Ballard, Inc. et al. v. Clockwork, Inc. et al., Case No. 14-cv-195, was filed on January 31, 2014, whereas the case before this Court was filed on January 26, 2015. (See Doc. ## 1, 12).

4

"[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 606 (5th Cir. 1999);(quoting Sutter Corp. v. P & P Indus., Inc., 125 F.3d 914, 920 (5th Cir. 1997)). Courts applying this rule generally agree "that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." (Id.) (quotations omitted); e.g., Perkins v. Am. Nat. Ins. Co., 446 F. Supp. 2d 1350, 1353 (M.D. Ga. 2006) ("[U]nder the 'first-filed rule,' the court where the subsequently filed action has been filed should defer to the court where the first action was filed to allow that court to decide whether it should exercise jurisdiction over both cases in a consolidated action.").

This Court notes that the application of the first-filed rule is not mandatory, but rather committed soundly to the district court's discretion. Allstate Ins. Co. v. Clohessy, 9 F.3d 1314, 1316 (M.D. Fla. 1998). Furthermore, "district courts have the discretion to dispense with the first-to-file

5

rule where equity so demands." Barnett v. Ala., 171 F. Supp. 2d 1292, 1296 (S.D. Ala. 2001).

Here, Defendant suggests that the present action "involves similar facts and issues that are at the heart of the dispute in the California lawsuit;" specifically the application of the "10/25/13 LOI." (Doc. # 12 at 11). Furthermore, Defendant argues that "[j]udicial economy strongly favors dismissing this action" in favor of the California lawsuit, as the "issues at the heart of this case are already pending before the Central District of California, and the litigation is further advanced in that matter." (Id. at 12). Thus, according to Defendant, "allowing this case to proceed would waste judicial resources and potentially produce conflicting rulings. . . ." (Id.).

The Court recognizes that Defendant made similar arguments in the First Florida Lawsuit, which the Court found to be unavailing. Benjamin Franklin Franchising, LLC v. On Time Plumbers, Inc., No. 8:14-CV-1209-T-30AEP, 2014 WL 4683271, at *3-5 (M.D. Fla. Sept. 19, 2014). Upon review, this Court arrives at the same conclusion – dismissal of this action would be improper, and therefore, the Motion is denied to the extent that it requests dismissal on grounds of improper venue pursuant to the "first-filed rule."

6

Although there are commonalities between this action and the California Lawsuit, the cases involve different parties and issues, as well as separate and distinct franchise agreements. At the time the instant action was filed, the complaint in the California Lawsuit did not overlap with the subject matter contained in the instant case. See Benjamin Franklin Franchising, LLC, 2014 WL 4683271, at *3-5.

The Court acknowledges Defendant's concern for potential inconsistent judgments if this case is not dismissed in favor of the California Lawsuit. However, as stated by Defendant, "the California Law[suit] is much further advanced and is actually set for trial on May 19, 2015." (Doc. # 12 at 13). Thus, as this action is on the Court's June, 2016, trial term, this Court will have ample time to review all relevant documents and rulings by the California court; specifically, the application of the "10/25/13 LOI" to aid in the Court's determination in this action. Therefore, the Court finds that dismissing this action under the "first-filed rule" would be improper. Accordingly, Defendant's Motion to Dismiss is denied.

### B. Motion to Stay

In the alternative, Defendant requests that this Court stay this action "until the resolution of the California

Lawsuit and the First Florida Lawsuit . . . to avoid duplication in litigation and prevent inconsistencies in judgments." (Id. at 12). Defendant argues that:

> If it is determined in the California Lawsuit that Clockwork entities breached the LOI and that breach occurred prior to Donaldson's association with ARS, the impact would be significant on the issues before this Court on whether Donaldson's actions could sustain a judgment in favor of the Plaintiff[] in this action. It is clear that the issues are substantially related and resolution of the California Lawsuit would substantially resolve [the] issues in the present case.
>
> Additionally, the risk of inconsistent judgments is great as the allegations in the Complaint in the present matter are identical to the allegations in Count II of the Amended Complaint in the First Florida Lawsuit, which is set for trial in October 2015. The allegations are that the same person (George Donaldson) made an alleged single act (employment with ARS) and that single act violated nearly identical non-compete clauses in nearly identical Franchise Agreements (the only substantive differences are in the names of the entity) entered into on the same day and include amendments that reference each other. Additionally, the parent entity of each party in both Florida lawsuits is identical. Without a stay, it is a feasible outcome that this same act is found to be a violation of the agreement in one case, but not be a violation of the agreement in the other case. Such outcome would confuse the issues between the parties and only lead to additional litigation or appeals.

(Id. at 12-13).

Upon review of the allegations contained in this action, the First Florida Lawsuit, and the California Lawsuit, this Court finds that a stay is inappropriate under the circumstances. The First Florida lawsuit – brought by Plaintiff Benjamin Franklin Franchising LLC - relates to a separate franchise agreement with Defendant On Time Plumbers, Inc. There are commonalities between the two cases: there is a relationship between the two plaintiffs (i.e. they have a common owner – George Donaldson) and, as argued by Defendant, the two relevant franchise agreements contain "similar terms and references the other agreement by way of an amendment. . . ." (Id. at 5). However, the cases involve different parties and issues, as well as distinct franchise agreements. Therefore, although the actions are similar, they are separate and distinct cases that have to be decided under the terms of the relevant franchise agreement. This Court recognizes Defendant's concern for the possibility of inconsistent judgments if a stay is not granted. However, this Court is more than capable of reviewing all pertinent documents and precedent rulings in order to make a determination on the issues relevant to this particular

action. Thus, for the reasons set forth above, Defendant's Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED**, and **DECREED:**

(1) Defendant On Time Electricians, Inc.'s Motion to Dismiss or in the Alternative Motion to Stay (Doc. # 12) is **DENIED.**

(2) Defendant has until and including **May 5, 2015**, to file its Answer to the Complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of April, 2015.

/s/ Virginia M. Hernandez Covington<br>VIRGINIA M. HERNANDEZ COVINGTON<br>UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record